```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

DEREK COMLEY,

      Plaintiff,

v.                              Case No: 2:23-cv-960-JES-NPM

DEPUTY LAWSON, JUDGE
BURNS, and CHARLOTTE COUNTY
SHERIFF'S OFFICE,

      Defendants.
_____/

## ORDER OF DISMISSAL

This matter is before the Court on Plaintiff Derek Comley's pro se 42 U.S.C. § 1983 civil rights complaint. (Doc. 1). Comley, a pretrial detainee at the Charlotte County Jail, names as defendants Charlotte County Sheriff's Deputy Lawson, Charlotte County Judge Burns, and the Charlotte County Sheriff's Office. (Id. at 3-4). Comley seeks leave to proceed in forma pauperis (Doc. 2), and his complaint is before the Court on initial screening.

After careful review, the Court concludes that Comley has filed a complaint that must be dismissed for failure to state a claim on which relief may be granted.

### I. Complaint

Comley asserts that, at some point in time, he came into contact with Defendant Deputy Larson, who issued him a citation for trespassing at the Charlotte County Homeless Coalition. (Doc.

1 at 5). However, Comley did not receive a physical copy of the citation. (Id.) Moreover, Deputy Larson did not return Comley's identification card and other "identification property." (Id.) Although unclear, it appears that Comley asserts that this resulted in him being unable to visit an elderly family member at the Homeless Coalition without "the risk of committing a crime." (Id. at 6). Comley emailed the Sheriff's Department several times to complain of Defendant Lawson's unprofessional conduct and to seek return of his property, but his property was not returned. (Id.)

When Comley complained to Judge Burns on October 25, 2023 that he had not received a proper citation from Deputy Lawson, the judge refused to throw out the charges against him or give Comley a compassionate release bond to care for his aging grandmother. (Doc. 1 at 6). Nor would Judge Burns allow Comley to fire his lawyer in open court, and the judge ignored Comley's formal request for a writ of habeas corpus. (Id.)

Comley asserts that unnamed jail staff at the Charlotte County Jail have refused his requests to use the law library at the jail. (Doc. 1 at 7). He states that the grievances he writes are returned to him marked as "not a grievance," even after he "reminded them on numerous occasions that the federal courts have ruled that every jail should have a law library with tables and chairs, adequate resources and access, etc." (Id.) Comley's

initial request for a "pro se pack" was denied because the jail thought he had a public defender. (Id.)

Comley generally asserts, without explanation, that he has been denied due process throughout his criminal proceedings. (Doc. 1 at 5-7). As relief, Comley seeks the following:

> I want this county to fix these unconstitutional conditions, training methods which led to these conditions, replace all staff who have made it their modus operandi to enforce these unconstitutional conditions, and to rectify the situation that has resulted in my loss of life, liberty, and property without proper due process, and deprived me of my ability to receive a fair and speedy jury trial as per my constitutional rights as an American citizen.

(Id. at 8.)

## II.  Screening Standard

A federal district court is required to review a civil complaint filed in forma pauperis and to dismiss any such complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e). Specifically, the section provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A)  the allegation of poverty is untrue; or
>
> (B)  the action or appeal-
>
>      (i)   is frivolous or malicious;

>      (ii)   fails to state a claim on which relief may be granted; or
>
>      (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A complaint may be dismissed as frivolous under section 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, among other things, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. Id. at 327. In addition, where an affirmative defense would defeat a claim, it may be dismissed as frivolous. Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990).

The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). That is, although a complaint need not provide detailed factual allegations, there "must be enough to raise a right to relief above the speculative level," and the complaint must contain enough facts

4

to state a claim that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

In making the above determinations, all factual allegations (as opposed to legal conclusions) in the complaint are viewed as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, the Court must construe the plaintiff's pro se allegations liberally. Haines v. Kerner, 404 U.S. 519 (1972).

### III. Discussion

#### A. This Court will not interfere with an ongoing state criminal prosecution.

Comley's claims arise from his state criminal case (23-001007MM), which is still pending trial in the County Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida.[1] Comley asks this Court "rectify the situation" that led to his incarceration. To the extent Comley's request for rectification is directed towards the process he has received (or is receiving) in his state criminal trial, the Younger abstention doctrine prohibits federal courts from interfering (through a section 1983 complaint) with a plaintiff's pending state criminal proceedings. See Younger v. Harris, 401 U.S. 37 (1971).

Under Younger and its progeny, federal courts must abstain from interfering with an ongoing state criminal proceeding when

---

[1] The Court takes notice of the online docket of Comley's criminal trespassing case. Search (charlotteclerk.com) (Comley, Derek).

5

doing so would implicate important state interests and where (as here) there is an adequate opportunity in the state proceeding to raise constitutional challenges. See Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003). Comley can raise his constitutional claims in state court, and he provides no reason for this Court to overlook the abstention principle. Nor does he allege any facts that warrant application of an exception to the Younger doctrine. See Hughes v. Attorney General of Florida, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) (noting that the Supreme Court in Younger set three exceptions to the abstention doctrine: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised").

**B. Comley has not stated a claim for denial of access to the courts.**

Comley also suggests, without elaboration that he is being denied access to the courts because of an inadequate grievance procedure and inadequate legal library at the Charlotte County Jail. This "access" claim must be dismissed for two reasons.

First, to state a viable section 1983 action, the legal entity sued must be subject to suit. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity of a governmental corporation to be sued in federal court is governed by the law of the state in

which the district court is located. Id. at 1214; Fed. R. Civ. P. 17(b). Florida law does not recognize a jail facility as a legal entity separate and apart from the Sheriff charged with its operation and control. See generally Chapter 30, Florida Statues. Therefore, Comley's claims against the Charlotte County Jail are dismissed. See Monroe v. Jail, No. 2:15-cv-729-FtM-99MRM, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015) ("The jail is not an actionable legal entity because it does not enjoy a separate legal existence independent of the County or the Sheriff's Office." (citation omitted)); Mellen v. Florida, No. 3:13-cv-1233-J-34, 2014 WL 5093885, at *8 (M.D. Fla. Oct. 9, 2014) (recognizing that sheriff's offices and jail facilities are not amenable to suit under section 1983).

Next, even if Comley had directed his claims towards specific officers at the jail, he has not stated a section 1983 claim. To the extent Comley bases his First Amendment access claim on the return (or denial) of his grievances, an inmate does not have a constitutionally protected interest in a grievance procedure. Thomas v. Warner, 237 F. App'x 435, 437 (11th Cir. 2007) ("We agree with other circuits that have decided that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure."); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1995) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established

7

by a state.")  And because Comley has no constitutional right to a grievance procedure, it follows that he also has no constitutional right to receive his desired response to a grievance.  Thomas, 237 F. App'x at 437.  Accordingly, any claims based solely upon jail staff's return of, or unsatisfactory responses to, Comley's grievances are dismissed from this action for failure to state a claim on which relief may be granted.

Comley's claim alleging constitutionally inadequate access to the courts because of the jail's subpar legal library is equally unavailing.  The interference with an inmate's access to the courts is a violation of a First Amendment right actionable under section 1983.  Lewis v. Casey, 518 U.S. 343 (1996).  However—despite Comley's assertion otherwise—a confined individual does not have a freestanding right to a law library or other forms of legal assistance.  Id. at 350.  Rather, to state an access-to-the-courts claim, any alleged infringement of Comley's right to access the courts "must have frustrated or impeded [his] efforts to pursue a nonfrivolous legal claim."  Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998).  And conclusory allegations of injury or prejudice are insufficient.  "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense."  Lewis, 518 U.S. at 351.  Rather, "the right is ancillary to the underlying claim, without which a plaintiff

8

cannot have suffered injury by being shut out of court." Christopher v. Harbury, 536 U.S. 403, 415 (2002).

Here, Comley has not alleged that he was "shut out" of court in any manner as a result of the Charlotte County Jail's allegedly deficient library, and as a result, any First Amendment access claim is premature.

### C. Comley cannot sue Judge Burns for actions taken in his judicial capacity.

Comley names Judge Burns as a defendant and complains that the judge has refused to throw out the charges against him, has refused a compassionate release bond, and has denied his petition for a writ of habeas corpus. (Doc. 1 at 6). However, "[j]udges are entitled to absolute judicial immunity from damages under section 1983 for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." McBrearty v. Koji, 348 F. App'x 437, 439 (11th Cir. 2009). Of note, "[a] judge does not act in the 'clear absence of all jurisdiction' when he acts erroneously, maliciously, or in excess of his authority, but instead, only when he acts without subject-matter jurisdiction." Id. (citation omitted). And "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991).

Here, Comley does not allege that Judge Burns acted outside the scope of his judicial capacity or without jurisdiction when he

9

did not grant Comley's requests to dismiss the charges against him, order a compassionate release bond, or grant his petition for writ of habeas corpus. As a result, Judge Burns is entitled to judicial immunity in this action, and all claims against him must be dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

> **D. Comley has not stated a claim against Deputy Lawson.**

Comley's only allegations against Deputy Lawson are that the deputy did not provide him with a written copy of the trespassing citation and did not return his identification papers after his arrest. (Doc. 1 at 5-6). The adjudication of a claim asserting that Comley was denied due process because he did not receive a written citation would require this Court to rule upon issues relevant to the disposition of his pending state criminal charges. But, as explained above, see discussion supra Part III(A), federal courts do not exist as pretrial forums to challenge a plaintiff's state criminal charges. To the extent Comley believes that he was improperly charged (or denied due process) because of Deputy Lawson's failure to provide a written citation, his argument should be addressed in Comley's criminal trial and is barred under Younger.

Likewise, the United States Supreme Court has recognized that the deprivation of property does not violate the Due Process

10

Clause, so long as there exists an adequate post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.")  If Deputy Lawson deprived Comley of property by withholding his identification material, he has an adequate post-deprivation remedy under state law.  In Florida, Comley can sue for the conversion of his personal property.  See Case v. Eslinger, 555 F.3d 1317, 1331 (11th Cir. 2009) ("Under the law of Florida, law enforcement officers may be liable for conversion for the seizure or retention of personal property.") (internal citations omitted); Jackson v. Hill, 569 F. App'x 697, 698 (11th Cir. 2014) (affirming district court's order that dismissed state prisoner's destruction of property claim).  Because Comley has access to an adequate post-deprivation remedy, no due process violation has occurred as it relates to Defendant Lawson's alleged refusal to return his identification property.

## IV. Conclusion

Comley has not stated an actionable civil rights claim against any named defendant, and his complaint will be dismissed for failure to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  Given that the claims raised by Comley are either not cognizable in federal court or would require federal

11

court interference with an ongoing state criminal prosecution, the dismissal is without leave to amend because doing so would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962) (providing that leave to amend may be denied where amendment would be futile).

Accordingly, it is

**ORDERED**:

1. This case is **DISMISSED without prejudice** for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate any deadlines, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on this __8th__ day of December 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-2
Copies: Derek Comley